**ORDERED in the Southern District of Florida on** 07-30-14.



Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:

ARMANDO RODRIGUEZ and
DEBORAH L. CORN,

Debtors.

Case No. 12-19914-BKC-RBR

Chapter 7

______________________/

ARMANDO RODRIGUEZ and
DEBORAH L. CORN,

Plaintiffs,

vs.

MICHAEL J. WOLFE, et. al,

Defendants.

Adv. Case No. 12-02101-RBR

______________________/

**CERTIFICATION TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

THIS MATTER came before the Court without a hearing on July 29, 2014, upon the *pro se* creditor and Defendant Michael J. Wolfe's ("Wolfe") Petition for Certification of Direct

Appeal to the Eleventh Circuit Court of Appeals [Adv. D.E. 140][1] (the "Petition for Certification") for the appeal of the Default Final Judgment [Adv. D.E. 126] (the "Final Judgment") in this adversary proceeding. After having considered the Petition for Certification, the Final Judgment, the case files for the main case and adversary proceeding, the applicable law, and otherwise being duly advised in the premises, the Court determines that certifying the direct appeal to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit") is appropriate because one of the grounds specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists.

Section 158(d)(2) states, in relevant part, that "the appropriate court of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders and decrees" if a bankruptcy court, district court, or bankruptcy appellate panel certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

28 U.S.C. § 158(d)(2)(A)(i)-(iii). If any one of the certification criteria applies, then this Court must certify the appeal. In addition to this Court's certification, the Eleventh Circuit must authorize the direct appeal in order for the court of appeals to have jurisdiction over the appeal. 28 U.S.C. § 158(d)(2)(A).

Federal Rule of Bankruptcy Procedure 8001(f) governs the implementation of § 158. Rule 8001(f)(2) provides that "a certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending. . . ." An appeal taken under § 158(a)(1) or (2) is deemed to be pending in the bankruptcy court until such

---

[1] The Court will refer to the docket for the main case (Case No. 12-19914-BK-RBR) as [BK D.E. __ ] and the docket for the adversary proceeding (Case No. 12-02101-RBR) as [Adv. D.E. __ ].

time as the appeal is docketed in the United States District Court in accordance with Federal Rule of Bankruptcy Procedure 8007(b). Fed. R. Bankr. P. 8001(f)(2). Therefore, it is proper for this Court, on the request of a party, to certify the Final Judgment for direct appeal to the Eleventh Circuit, unless or until the instant appeal is docketed in the United States District Court for the Southern District of Florida (the "District Court").

This Court will provide a brief recitation of the facts and procedural history of the case to demonstrate why this Court has determined that certification of the direct appeal is appropriate. On April 24, 2012, the Debtors filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. [BK D.E. 1]. This Chapter 7 case has been pending for over two years.[2] The adversary proceeding has been pending since November 16, 2012. [Adv. D.E. 1]. The Debtors were ultimately discharged on January 28, 2013. [BK D.E. 68]. No party, including Wolfe, timely filed an adversary proceeding objecting to the Debtors' discharge.[3] There has been extensive litigation and numerous appeals brought by Wolfe in the main case and adversary proceeding. There has been no litigation brought by the trustee, any other creditors, or interested party in this case.

The primary issue resulting in Wolfe's first two appeals relate to the Court entering an Order Striking Wolfe's Pleadings in the main case [BK D.E. 66] and adversary proceeding [Adv. D.E. 23] because this Court determined that Wolfe was impermissibly attempting to pursue a corporate claim that was invalidly assigned *pro se*. On February 1, 2013, Wolfe appealed those orders to the District Court in Case No. 13-cv-60709-RSR. [BK D.E. 70, 79] [Adv. D.E. 29, 30]. On December 31, 2013, the Honorable Robin S . Rosenbaum for the District Court of the

[2] Aside from the litigation with Wolfe, this is a relatively straight forward Chapter 7 proceeding in which the trustee issued a Report of No Distribution [BK D.E. 21]. To provide context, in most cases with similar facts the debtor generally could have received a discharge, and the case would be closed, within a matter of months.

[3] After the Debtors were discharged, Wolfe untimely filed procedurally improper motions (not an adversary proceeding) seeking to revoke the Debtors' discharge. [BK D.E. 82, 104]. Although the Court had already stricken Wolfe's past and future filings, the Court ruled based on the procedural posture of the motions. [BK D.E. 90, 106]

Southern District of Florida entered an Order and Opinion affirming this Court's rulings. [BK D.E. 187] [Adv. D.E. 71]. Wolfe appealed those decisions to the Eleventh Circuit, and the case is currently pending in Case No. 14-12361-CC.

On February 11, 2014, the Plaintiffs filed an Amended Complaint [Adv. D.E. 77] seeking to determine the validity and extent, in any, of the Defendants' alleged lien. Effectively, the Defendants failed to submit any legally cognizable response to the Plaintiffs' Amended Complaint because Wolfe's pleadings were stricken and Defendant Advanced Shelter Solutions, Inc. also failed to retain counsel (although Wolfe attempted to represent the corporate entity's interests *pro se* in certain pleadings). On June 2, 2014, the Debtors moved for a Clerk's Default [Adv. D.E. 115] against the Defendants, which the Court granted [Adv. D.E. 118]. Subsequently, the Plaintiffs filed a Motion for Entry of Final Judgment [Adv. D.E. 123] and the Court entered the Final Judgment [Adv. D.E. 126]. The Final Judgment is the subject matter of Wolfe's instant appeal [Adv. D.E. 138] directly to the Eleventh Circuit [Adv. D.E. 140, 141]. To date, the Debtors have not filed an objection to the Petition for Certification, so presumably all parties are in agreement that a direct appeal to the Eleventh Circuit is proper in this case.

The Court has determined that it is appropriate to certify this matter as a direct appeal to the Eleventh Circuit because it "may materially advance the progress of the case or proceeding. . . ." 28 U.S.C. § 158(d)(2)(A)(iii). Since this provision applies, the Court is required to certify the appeal. This case fits the congressional intent for this statutory provision as it "arise[s] under circumstances where a prompt, determinative ruling might avoid needless litigation." *Weber v. United States*, 484 F.3d 154, 158 (2d Cir. 2007). The Second Circuit Court of Appeals in *Weber v. U.S.* remarked about the material advancement prong of § 158(d)(2)(A):

> Where a bankruptcy court has made a ruling which, if correct, will essentially determine the result of future litigation, the parties adversely affected by the

> ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear. Where that ruling is manifestly correct or manifestly erroneous, the parties would profit from its immediate review in this court.

*Id.*

This case satisfies the requisite standard for the material advancement prong of § 158(d)(2)(A). The Debtors have already received their discharge in this Chapter 7 case over a year and a half ago. However, the Debtors still have not been able to avail themselves of their fresh start, which is the fundamental purpose a proceeding under Chapter 7 of the Bankruptcy Code. The only remaining issue in this proceeding is the ongoing litigation with Wolfe. A related appeal, in which the District Court affirmed this Court, with substantially similar issues and involving the same parties is already pending at the Eleventh Circuit. Wolfe has already demonstrated that he will not relent until the Eleventh Circuit has decided the issue currently on appeal and the identical issue in which he is seeking a direct appeal.

This Court is cognizant of the large case load of the Eleventh Circuit and does not wish to create unnecessary work for the court. However, this Court believes that the specific circumstances of this case warrant a direct appeal and that doing so is in the interest of judicial economy. Additionally, it would allow the Debtors to avoid the attorney's fees, costs, and time associated with another appeal to the District Court on a substantively identical issue that is already pending before the Eleventh Circuit. Likewise, it would allow Wolfe to avoid the time and expense associated with a fourth appeal to the District Court. A direct appeal to the Eleventh Circuit would help all parties avoid protracted litigation and would greatly expedite the final resolution of this case. Therefore, since certification would materially advance the progress of this case as set forth in § 158(d)(2)(A)(iii), this Court determines that it is appropriate to certify the direct appeal of the Final Judgment to the Eleventh Circuit.

Accordingly, it is

**ORDERED** that the Petition for Certification [D.E. 140] is **GRANTED**. This Court hereby **CERTIFIES** the direct appeal of the Final Judgment to the United States Court of Appeals for the Eleventh Circuit.

###

*The Clerk shall provide copies to all parties of record.*